UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| ERIC CUMMINGS | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | NO. 23-4249 |
| ALLSTATE VEHICLE AND PROPERTY | * | SECTION L |
| INSURANCE COMPANY | * | |

### ORDER & REASONS

Before the Court is Defendant Allstate Vehicle and Property Insurance Company's Motion for Summary Judgment. R. Doc. 13. There is no opposition. Considering the briefing and the applicable law, the Court rules as follows.

I.  BACKGROUND

This case arises out of alleged damage to Plaintiff Eric Cummings' ("Cummings") New Orleans residence due to Hurricane Ida. R. Doc. 1 at 3. At the time, Cummings states that his residence was covered by a home insurance policy ("the Policy") issued by Allstate Vehicle and Property Insurance Company ("Allstate"). *Id.* at 2. Cummings sued Allstate in this Court pursuant to diversity jurisdiction for alleged underpayment of insurance proceeds owed under the Policy.

Cummings alleges that his home sustained damage from wind and rain during Hurricane Ida in August 2021. *Id.* at 3. He further avers that the Policy protected the residence against wind and water, and, after the storm, he timely notified Allstate of his loss and took reasonable steps to mitigate damages. *Id.* at 3-4. Allstate sent an inspector to survey the residence and provide an accounting of damages. *Id.* at 4. However, Cummings alleges that the inspector's report undervalued the damage to his residence. *Id.* Cummings then hired his own inspector, who provided a higher damage estimate. *Id.* at 5.

Cummings alleges two causes of action for which Allstate is liable: (1) breach of contract; and (2) violation of La. Rev. Stat. § 22:1892 and § 22:1973. *Id.* at 7. Cummings states that Allstate's actions have caused him to incur several forms of damages, including, but not limited to: mental anguish; cost of repairs, additional living expenses, and attorney's fees. *Id.* at 8. Cummings also requests a jury trial. *Id.* at 9.

In its answer, Allstate generally denies the allegations set forth in the Complaint. R. Doc. 11 at 1-5. Additionally, Allstate sets forth a number of affirmative defenses, including, but not limited to: failure to mitigate damages; express policy exclusions; estoppel; third-party offset; unjust enrichment; and comparative fault. *Id.* at 5-12.

## II.     PRESENT MOTION

In its motion for summary judgment, Allstate argues that while it did issue a homeowner's policy to Cummings, the Policy contains a Windstorm or Hail Exclusion. R. Doc. 13 at 1. Pursuant to this exclusion, Allstate argues that the damage caused to Cummings' residence by Hurricane Ida is excluded from coverage under the Policy. *Id.* at 4. Accordingly, Allstate prays that this Court grant its motion for summary judgment in its favor. *Id.* at 6.

Cummings did not file an opposition.

## III.    APPLICABLE LAW

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). Initially, the movant bears the burden of presenting the basis for the motion; that is, the absence of a genuine issue as to any material fact or facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to come forward

with specific facts showing there is a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c*); Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted). If the nonmovant fails to respond to the motion, a court may not "enter a 'default' summary judgment" for the movant, however a court is permitted "to accept [movant's] evidence as undisputed." *Preston v. Hertz Corp.*, 2003 WL 22938921, at *1 (N.D. Tex. Nov. 26, 2003); *Thorn v. RaceTrac Petroleum Inc.*, 2022 WL 965095, at *1 (5th Cir. Mar. 30, 2022) ("After [plaintiff] failed to file a timely response, the district court was entitled to accept as undisputed the facts offered in support of [defendant's] summary-judgment motion.").

## IV.  ANALYSIS

The Court finds that Louisiana law governs the instant dispute. Louisiana law applies the general rules of contract interpretation to construe insurance policies. *Trinity Indus., Inc. v. Ins. Co. of N. Am.*, 916 F.2d 267, 269 (5th Cir. 1990). "The parties' intent, as reflected by the words of the policy, determine the extent of coverage." *Reynolds v. Select Properties, Ltd.*, 634 So. 2d 1180, 1183 (La. 1994). "Words and phrases used in a policy are to be construed using their plain, ordinary and generally prevailing meaning, unless the words have acquired a technical meaning." *Id.* Where the language in the policy is clear, unambiguous, and expressive of the intent of the parties, the agreement must be enforced as written. *Ledbetter v. Concord Gen. Corp.*, 665 So. 2d 1166, 1169 (La. 1996). "The question of whether an insurance contract provision is clear, unambiguous, and enforceable is a question of law for the court to decide." *Pierce v. Allstate Ins. Co.*, 542 F. Supp. 2d 495, 498 (E.D. La. 2008). The policy at issue in this case contains the following exclusion:

> **"Windstorm And Hail Exclusion Endorsement -**
> In **Section 1 -Your Property** the following changes are made:
> A. In **Losses We Do Not Cover Under Coverages A and B**, under
> paragraph A, the following item is added:
>  **Windstorm** or Hail.
>  **We** do cover sudden and accidental direct physical loss caused by fire or
> explosion resulting from Windstorm or Hail.

R. Doc. 13-1 at 2.

The instant matter is analogous to a case discussed by another section of this Court. *Pierce v. Allstate Ins. Co.*, 542 F. Supp. 2d at 495. In *Pierce*, a homeowner alleged that a similar windstorm exclusion in his homeowner's policy did not exclude coverage for damage to his property due to Hurricane Katrina. *Id.* at 496-97. Judge Barbier, however, held that the windstorm endorsement was clear and unambiguous. *Id.* at 498. Accordingly, Judge Barbier found in favor of the defendant insurance company and held that coverage for the hurricane damage to the homeowner's property was excluded under the terms of the policy. *Id.* at 499.

Similarly, the Court now finds that this express exclusion is also clear and unambiguous. Under the section of the Policy titled "Losses We Do Not Cover," Allstate added a provision excluding damages caused by "Windstorm or Hail." R. Doc. 13-1 at 2. It follows under Louisiana law that the policy must be enforced as written. *See Ledbetter*, 665 So. 2d at 1169; *see also Freemon v. Allstate Indemnity Co.*, No. 23-4809, 2024 WL 183489 (E.D. La. Jan. 17, 2024) (holding that the windstorm exclusion found in an Allstate insurance policy must be enforced as written because it was clear and unambiguous). Further, Cummings did not file an opposition.

The Court, therefore, considers the following facts as undisputed. *See Thorn*, 2022 WL 965095. Cummings states that the damage to his residence was caused by Hurricane Ida, which made landfall on August 29, 2021. Cummings alleges that he is entitled to recover for his losses sustained by Hurricane Ida pursuant to a homeowner's policy issued to him by Allstate. Allstate

issued a homeowner's policy to Plaintiff that was active during Hurricane Ida, however, this Policy contained the above-mentioned exclusion. Like the Court in *Pierce*, which found that hurricane damage to the homeowner's property was excluded by the Policy's express terms, the Court here finds that Allstate has excluded coverage for damage caused by windstorm, which is the same damage complained of by Cummings. 542 F. Supp. 2d at 499.

V. **CONCLUSION**

Accordingly, Allstate's Motion for Summary Judgment, R. Doc. 13, is **GRANTED**.

New Orleans, Louisiana this 18th day of March, 2024.

_____
United States District Judge